IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL HOPKINS                                                                              PLAINTIFF

v.                                                                   CIVIL ACTION NO. 1:13-cv-567-MTP

JOHNNY DENMARK, ET AL.                                                                  DEFENDANTS

## OPINION AND ORDER

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff's claims should be dismissed under 28 U.S.C. § 1915 (e)(2)(B)(ii) for failure to state a claim. Having considered the record and applicable law and having conducted a *Spears*[1] hearing on the issues, the Court finds that this case should be dismissed and that the dismissal should count as a strike pursuant to 28 U.S.C. § 1915(g).

## BACKGROUND

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331. This lawsuit arises from events which took place while Plaintiff was a post-conviction inmate at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi, where Plaintiff is currently housed. Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at the *Spears* hearing.[2]

Plaintiff alleges that on March 26, 2013, he and three other inmates were issued Rule

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

Violation Reports ("RVRs") because a clothesline was hanging between their bunk beds. Plaintiff alleges that the clothesline was not his. He also alleges that his bunkmate, Kevin Holmes, admitted responsibility for the clothesline. Defendant Joy Ross conducted the disciplinary hearing on Plaintiff's RVR. Plaintiff alleges that he wanted to call two witnesses, Holmes and the officer who investigated the RVR, but Defendant Ross did not allow him to call any witnesses. Defendant Ross allegedly ignored Holmes's affidavit, in which he admitted ownership of the clothesline. Defendant Ross allegedly found Plaintiff guilty of a rule violation. As a result, Plaintiff lost thirty days of privileges, including commissary, telephone, and visitation privileges. Additionally, the RVR caused Plaintiff to remain in more restrictive custody for an additional six months.[3]

Plaintiff allegedly submitted a grievance through the administrative remedies program. According to Plaintiff, Defendant Johnny Denmark denied his grievance despite inmate Holmes's affidavit. Plaintiff also alleges that he submitted a sensitive subject matter grievance to Defendant Christopher Epps, but Defendant Epps did not respond to the grievance.

As relief, Plaintiff seeks to have the RVR expunged from his institutional record. Plaintiff also seeks reimbursement for his filing fees.[4]

## ANALYSIS

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if

---

[3] According to Plaintiff, MDOC policy required that he not receive any RVRs while in restrictive custody in order for him to receive a more favorable custody classification.

[4] In his Complaint, Plaintiff also sought injunctive relief in the form of a transfer from SMCI. At the *Spears* hearing, however, Plaintiff stated that he no longer seeks a transfer.

the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

Plaintiff's allegations amount to a claim against Defendants for violations of his due process rights. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations omitted). In determining whether there has been a due process violation, courts consider (1) whether the party was deprived of a liberty or property interest protected by the Due Process Clause and, if so, (2) whether the party was deprived of that protected interest without constitutionally adequate process. *LaCroix v. Marshall County*, 409 Fed. App'x. 794, 803 (5th Cir. 2011).

Protected liberty interests "are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). A prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which . . . imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). The protection afforded by the Due Process clause does not extend to every adverse or unpleasant condition experienced by an inmate. *Madison*, 104 F.3d at 767 (holding that an inmate's 30 day commissary and cell phone restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *Moore v. Sawyer*, 2010 WL 6004375, at *1 (E.D. Tex. July 26, 2010)

(determining that loss of telephone and visitation privileges did not rise to a level of constitutional deprivation); *King v. Sims*, 2009 WL 2497154, at *5 (S.D. Miss. Aug. 14, 2009) (finding that reclassification, reassignment, and loss of commissary, phone, and visitation privileges did not constitute a violation of plaintiff's constitutional rights); *Sharp v. Anderson*, 2000 WL 960568, at *1 (5th Cir. 2000) (concluding inmate's claim that he was kept in administrative segregation for 112 days after he was found guilty of a disciplinary charge did not implicate the protections of the due process clause).

Plaintiff's liberty interests were not infringed upon by the punishment he received as a result of the RVR. Under the allegations of the instant civil action, Plaintiff simply did not suffer an atypical and significant hardship in relation to the ordinary incidents of prison life by losing thirty days of privileges and by remaining in restrictive custody for six months. Plaintiff has not suffered a violation of his due process rights cognizable under Section 1983.

Furthermore, Plaintiff's claims that Defendants Denmark and Epps failed to adequately respond to his grievances does not give rise to a constitutional claim and should be dismissed as frivolous. *See Dehghani v. Vogelgesang*, 226 Fed. App'x. 404, 406 (5th Cir. 2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (holding that an inmate "does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction.").

## CONCLUSION

Plaintiff fails to state a claim upon which relief may be granted. Therefore, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). A separate judgment in

accordance with Federal Rule of Civil Procedure 58 will be filed herein.  The dismissal shall count as a strike pursuant to Section 1915(g).

      SO ORDERED this the 20th day of February, 2015.

                                    s/ Michael T. Parker
                                    United States Magistrate Judge